UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYMAR DISTRIBUTION LLC, DISPLAY NAME: NEW ENGLAND EXPRESS,<br><br>                    Plaintiff,<br><br>      *v.*<br><br>MITCHELL GROUP USA, LLC, RIVELLE PRODUCTS, INC., and TIMOTHY MICHAEL FRAILLY,<br><br>                    Defendants. | **ORDER**<br>20-CV-719-PKC-SJB |

**BULSARA, United States Magistrate Judge:**

Plaintiff Tymar Distribution, LLC has moved to compel discovery from Defendant Mitchell Group USA, LLC ("Mitchell Group"), (Mot. to Compel Discovery ("Mitchell Group Mot."), Dkt. No. 49), and Defendant Rivelle Products, Inc ("Rivelle"), (Mot. to Compel Discovery ("Rivelle Mot."), Dkt. No. 47). For the reasons explained below, the motions are denied.

I.      Motion to Compel Discovery from Mitchell Group

Plaintiff has moved to compel Mitchell Group to produce documents in response to a request that seeks "all documents concerning" Mitchell Group's "transaction of business in New York state, including contracts or purchases with entities located in New York." (Mitchell Group Mot. at 1; Discovery Requests, attached as Ex. 1 to Mitchell Group Mot., Dkt. No. 49, at 8). The ostensible purpose of this request is to obtain personal jurisdiction discovery, *i.e.*, information about Mitchell Group's contacts with New York. The motion is denied.

For one thing, Plaintiff's letter brief in support of the motion to compel is nothing more than a cut and paste of the letter and email correspondence (and the attendant

bile) between the parties.  No argument is advanced to the Court, no cases are cited, and much of the back and forth is difficult to follow.  The illogical submission alone is a basis to deny the motion.

Separately, the request on its face is overbroad and disproportional to the limited jurisdictional discovery at issue.  Plaintiff is not advancing a theory of general personal jurisdiction over Mitchell Group, but a theory of specific personal jurisdiction.  That is, Plaintiff is attempting to assert jurisdiction over Mitchell Group based on "an affiliation between the forum, [New York] and the underlying controversy (*i.e.,* an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)," *Kennedy v. Mondelēz Glob. LLC*, No. 19-CV-302, 2020 WL 4006197, at *5 (E.D.N.Y. July 10, 2020) (quoting *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014)): specifically, "substantive discussions" in New York between Mitchell Group regarding Plaintiff's "initiative" to sell "Fair & White products" on Amazon and provide other services to Mitchell Group.  (Second Am. Compl., Dkt. No. 30, ¶ 20).[1]

To determine whether these activities are sufficient for this Court to obtain specific personal jurisdiction over Mitchell Group, Plaintiff does not need all contracts or evidence of all Mitchell Group transactions in New York.  Far from it.  Plaintiff would

---

[1] Even if Plaintiff were advancing a theory of general personal jurisdiction, "general jurisdiction exists only when a corporation's contacts with a state are 'so "continuous and systematic" as to render [it] essentially at home in the forum state.'" *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014) (alteration in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  "Aside from the 'exceptional case,' . . . a corporation is at home and subject to general jurisdiction *only* in a State that represents its formal place of incorporation or principal place of business."  *Strauss v. Crédit Lyonnais, S.A.*, 175 F. Supp. 3d 3, 12 (E.D.N.Y. 2016) (quoting *Daimler AG v. Bauman*, 571 U.S. 117 139 n.19 (2014)).  This is not the exceptional case, and Plaintiff's request for documents concerning "all transaction of business" is far beyond what is necessary to establish general jurisdiction.

be entitled to the documents related to the transaction, act, or occurrence that is the basis of the alleged specific jurisdiction—not for all such acts taken by Mitchell Group in New York. *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990) ("[A] plaintiff may be allowed *limited* discovery with respect to the jurisdictional issue[.]" (emphasis added)); *e.g.*, *O'Toole v. MyPlace Dev. SP. Z.O.O. (In re Sledziejowski)*, No. 13-22050, 2016 WL 6155929, at *10 (Bankr. S.D.N.Y. Oct. 21, 2016) ("The Amended Complaint includes allegations of visits by Mr. Kulczyk to the United States related to the MyPlace transactions and notices sent by some Movants to the United States; all these support discovery regarding the contacts relevant to specific jurisdiction.").

And as to Plaintiff's contention that these documents are necessary to satisfy the "purposeful availment" test for jurisdiction, (Mitchell Group Mot. at 2 ("We believe that purposeful availment is a requirement of [the New York long-arm statute] and a Constitutional requirement for long-arm jurisdiction")), Plaintiff is simply incorrect.

New York's long-arm statute provides for the exercise of jurisdiction "over any non-domiciliary . . . who in person or through an agent: . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1); *see also Boehner v. Heise*, 410 F. Supp. 2d 228, 236 (S.D.N.Y. 2006) ("Under this statute, a plaintiff must demonstrate that the nondomiciliary defendant transacted business in New York.").

> [A] plaintiff relying on longarm jurisdiction under the first clause in CPLR 302(a)(1) must establish two elements: (1) the defendant transacted business within the state, and (2) the cause of action arose from that transaction of business. If either element is not met, jurisdiction cannot be conferred under CPLR 302(a)(1).

Patrick M. Connors, *Siegel's New York Practice* § 86 (6th ed. 2020) (footnote omitted). "A nondomiciliary 'transacts business' under CPLR 302(a)(1) when he 'purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws.'" *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986) (alterations in original) (quoting *McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 382 (1967)); *see also Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61–62 (2d Cir. 2012). "Purposeful activities are those with which a defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380 (2007) (quotation omitted). "[I]t is not the quantity but the quality of the contacts that matters." *Paterno v. Laser Spine Inst.*, 24 N.Y.3d 370, 378 (2014).

Here, Plaintiff's theory is that its discussions with Mitchell Group demonstrates that Mitchell Group was transacting business in New York. If that is the theory, Plaintiff is not entitled—under the guise of proving "purposeful availment"—to broad ranging discovery about all of the Defendants' ties to New York (including all contracts and transactions with third parties), unrelated to the discussions at issue. That is because, to fall within 302(a)(1), Plaintiff's "cause of action" must still arise "from that transaction of business." *Johnson v. Ward*, 4 N.Y.3d 516, 519 (2005). As the New York Court of Appeals has explained:

> [T]here must be an "articulable nexus" or "substantial relationship" between the business transaction and the claim asserted. We have consistently held that causation is not required, and that the inquiry under the statute is relatively permissive. But these standards connote, at a minimum, a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former, regardless of the ultimate merits of the claim. In effect, the "arise-from" prong limits the

4

broader "transaction-of-business" prong to confer jurisdiction only over those claims in some way arguably connected to the transaction. Where this necessary relatedness is lacking, we have characterized the claim as "too attenuated" from the transaction, or "merely coincidental" with it.

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 20 N.Y.3d 327, 339–40 (2012) (citations and footnote omitted).  In other words, permitting discovery about all of Mitchell Group's ties to New York leads to the production of irrelevant material if those ties are not the basis of Plaintiff's claims against Mitchell Group.  For example, if Mitchell Group entered into a contract with another company in New York—and thereby "purposefully availed" itself of the benefits of transacting business in New York—Plaintiff would not have established personal jurisdiction under section 302(a)(1) because Plaintiff's claims are unrelated to that third-party contract.  To establish jurisdiction under 302(a)(1), Plaintiff must show that *the subject discussions* between it and Mitchell Group show that Mitchell Group purposefully availed itself of the benefits of New York.  *E.g.*, *Fischbarg*, 9 N.Y.3d at 380–81 ("The quality of defendants' contacts here establishes a transaction of business in New York.  Defendants sought out plaintiff in New York and established an ongoing attorney-client relationship with him.  Plaintiffs time records and affidavit demonstrate that during the course of the representation, defendants communicated regularly with him in this state.").  Because the subject discussions do not implicate all of Mitchell Group's contacts or contracts with New York, the discovery sought is overbroad and impermissible.  *E.g.*, *Best v. Guthrie Med. Grp., P.C.*, N.Y.S.3d 258, 261–62 (4th Dep't 2019) ("Regarding long-arm jurisdiction under CPLR 302(a)(1), assuming, arguendo, that the individual defendants purposefully availed themselves of the privilege of conducting activity in New York, we conclude that there is no evidence that there was a "'substantial relationship'" between

that alleged activity and '"the claim asserted"' by plaintiff.  Under these circumstances,

. . . further discovery as to them was not warranted." (quotation omitted)).

The Court notes separately that Mitchell Group's responses to Plaintiff's

discovery requests are inconsistent with the 2015 Amendments to the Federal Rules of

Civil Procedure.  First, "[a]n objection must state whether any responsive materials *are*

*being withheld on the basis of that objection*."  Fed. R. Civ. P. 34(b)(2)(C) (emphasis

added); *see also CapRate Events, LLC v. Knobloch*, No. 17-CV-5907, 2018 WL 4378167,

at *2 (E.D.N.Y. Apr. 18, 2018).  Although Mitchell Group has objected to Plaintiff's

requests, it failed to indicate whether it was withholding documents based on an

objection.  (Mitchell Group Mot. at 1).  Second, in lodging objections, Mitchell Group

has resorted to the pre-2015 practice of making generic objections (*see id.*)—such

nonspecific refusals to produce are no longer permissible.  Fed. R. Civ. P. 34 advisory

committee's notes to 2015 amendments ("An objection may state that a request is

overbroad, but if the objection recognizes that some part of the request is appropriate

the objection should state the scope that is not overbroad.").  The Court expects all

parties to provide discovery responses consistent with the current version of the Rules of

Civil Procedure.

II.     Motion to Compel Discovery from Rivelle

Plaintiff has also moved to compel Defendants Rivelle Products, Inc. ("Rivelle")

to produce "[d]ocuments sufficient to disclose any standard verbiage used by defendant

in reporting as counterfeit the listings or products listed by third party sellers on

Amazon" and "[c]ontracts and agreements between" Rivelle and Mitchell Group.

(Rivelle Mot. at 3–4).

The Court directed the parties to proceed with only "interrogatory document discovery relating to the personal jurisdiction issue." (Hr'g Tr., attached as Ex. 4 to Rivelle Mot., Dkt. No. 47, 41:01-:02). As Plaintiff concedes, (Rivelle Mot. at 1 & n.1), Rivelle has waived any challenge to personal jurisdiction, (Stip., Dkt. No. 46, ¶ 1). Thus, Rivelle is not required to provide jurisdictional discovery. *E.g.*, *Ganpat v. E. Pac. Shipping, PTE, Ltd.*, No. 18-CV-13556, 2020 WL 1046336, at *3 (E.D. La. Mar. 4, 2020) (declining to compel jurisdictional discovery from a defendant who had waived personal jurisdiction, noting that in light of waiver "local contacts and intrastate business activities are not relevant to any outstanding issue in this case and any additional discovery is irrelevant and in the nature of a fishing expedition"). The motion to compel is denied.

SO ORDERED.

*/s/ Sanket J. Bulsara* September 8, 2020
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

7