

December 18, 2020                                                                                                                              Stephen J. Barrett
212.915.5479 (direct)
Stephen.Barrett@wilsonelser.com

**Via ECF**
The Honorable Pamela K. Chen
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

                         Re:      **Tymar Distribution LLC v. Rivelle Products, Inc. et al; 20-cv-719**

Dear Judge Chen:

       Our office represents defendants Rivelle Products, Inc. and Timothy Michael Frailly (collectively "Defendants") in the above referenced matter. We write to briefly respond to Plaintiff's December 18, 2020 letter (DE 71), which purports to provide the Court with "supplemental authority" that may bear on Defendants' pending motion to dismiss (DE 53). Plaintiff's so-called "supplemental authority" does not stand for the proposition stated in Plaintiff's letter and it has no bearing on the issues presently before the Court.

       Plaintiff's letter cites *Smart Study Co. v. Bichha123*, No. 20-cv-7889 (JSR), 2020 U.S. Dist. LEXIS 229838 (S.D.N.Y. Dec. 7, 2020) for the proposition that the defendant in *Smart Study* was adjudged to have "every right to acquire and sell [the disputed] product under the First Sale Doctrine." DE 17. But the holding in *Smart Study* actually concerns damages arising from an *ex parte* temporary restraining order where the plaintiff voluntarily discontinued the action upon a challenge to the TRO. That holding has no application here.

       First, there is no reference to the First Sale Doctrine anywhere in *Smart Study*. Second, the *Smart Study* court's holding is expressly stated as follows: "when the issuance of a TRO is followed by the plaintiff's prompt voluntary withdrawal of the complaint as to a given defendant (other than as part of a settlement), that withdrawal establishes as a matter of law that the defendant was wrongfully enjoined." *Id*. at *4.

       Third, in *dicta*, the opinion briefly addresses the merits of the plaintiff's original complaint, but the court expressly limits its findings. Specifically, the *Smart Study* court states that "based on the present concededly scant record" defendant "was wrongfully enjoined." *Id*. at *5. But the court does not hold that defendant's goods were authentic or permitted by the First Sale Doctrine. Rather, the *Smart Study* court simply concludes that the plaintiff did not meet its burden of proof on these issues in order to justify a TRO—in large part because plaintiff's case relied entirely on hearsay. *Id*. at *6-*7.



Importantly, the *Smart Study* court states that plaintiff's hearsay statement that it was "informed by the manufacturer that they never authorized the sale of the [disputed product]" was insufficient to establish entitlement to a TRO, but the court expressly notes that "[i]f the manufacturer offered such testimony at a full hearing on the merits, it would invite further inquiry…" *Id*. at *6.  In other words, the claim of counterfeiting would have been colorable had plaintiff offered admissible evidence showing that the defendant had, in fact, sold the disputed product without authorization from the manufacturer.

*Smart Study* does not alter the Second Circuit's holding in *El Greco Leather Prods. Co. v. Shoe World, Inc.*, 806 F.2d 392, 395-96 (2d Cir. 1986) that a "counterfeit" may be any good marked with a trademark and distributed without the manufacturers' consent—even if the good did, in fact, originate from the manufacturer.  *Id*. ("The mere act of ordering a product to be labeled with a trademark does not deprive its holder of the right to control the product and the trademark.").

Rather, the *Smart Study* decision merely holds that if a plaintiff obtains a TRO based on an insufficient factual record and then voluntarily dismisses its action against the defendant following a challenge to the TRO, the plaintiff may lose its security bond because Defendant can recover its damages suffered as a result of the injunction.  It is entirely unclear why Plaintiff believes this narrow holding is relevant here.

Accordingly, Defendants respectfully suggest that Plaintiff's "supplemental authority" be disregarded as irrelevant to the issues raised in Defendants' pending motion to dismiss.  We thank the Court for its attention to this matter.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

/s/ Stephen Barrett

Stephen J. Barrett

**cc: All Parties (Via ECF)**